

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 20, 1973

The Honorable Thomas W. Brown
Director, Texas Board of Private
Investigators and Private Security
Agencies
959 Reinli, Suite 201
Austin, Texas 78751

Opinion No. H-187

Re: Licensing statutes applicable
to private patrol operators
and private patrol security
operators [Article 4413
(29bb), V. T. C. S.]

Dear Mr. Brown:

Your Board has asked our opinion in answer to three questions having
to do with Article 4413 (29bb), Vernon's Texas Civil Statutes, the Private
Investigators and Private Security Agencies Act. Your questions are:

"Does the issuance of a Class B License as defined
in Section 16 (b)(2) authorize a person to engage in the
business of or perform the services of <u>all</u> the services
enumerated in Section 2(2) and defined separately in Section
2(5)(6)(7) and (9)?

"Is the 'private patrol security operator' defined in
Section 2(2) the same thing as the 'private patrol operator'
referred to in Section 3(c)?

"Is an applicant for a license to operate a 'security
system service' as that term is defined in Section 2(7)
required to meet the experience requirements set out in
Section 3(c)?"

Article 4413 (29bb), V. T. C. S., hereafter referred to as "the Act"
provides in § 16(b) for three license classifications: (1) a Class A license
covering the operations of a private detective or private investigator; (2)

p. 873

a Class B license covering: "all business defined in Subchapter A, Section 2(2); alarm signal companies, watchmen, guards, patrol, courier service, armored car service, guard dog service;" and (3) Class C which covers all operations included within Class A and Class B. Section 2 of the Act was amended by the 63rd Legislature (Acts 1973, 63rd. Leg. Ch. 130, p. 280). Section 2(2) referred to in your first two questions defines the business activities incorporated within a Class B license as "private patrol security operator or operator of a private patrol service" to mean:

> "[A] ny person who furnishes or agrees to furnish as watchman, guard, patrolman, security systems service, courier service, armored car service, guard dog service, or other person to protect persons, or property or to prevent theft, loss, embezzlement, misappropriation, or concealment of any goods, wares, merchandise, money, bonds, stocks, notes, documents, papers, or property of any kind or who performs the service of a watchman, guard, patrolman, or other person for these purposes, but including managers as defined under Section 19 of this Act."

Even though there appears to be some overlapping between the functions included by § 16 (b)(2) in the classification of a Class B license, on the one hand, and the definition of a "private patrol security operator or operator of a private patrol service" in § 2(2) of the definitions, on the other hand, it is our opinion that it was the intent of § 16(b)(2) to make Class B inclusive of all operations covered by the Act except those in Class A: private detective or private investigator.

Subsections (5), (6), (7), and (9) of § 2 define, respectively, "armored car service", "courier service", "securities system service", and "guard dog service". It is our opinion that each of these is included within the business of a Class B license. The answer to your first question therefore is that the issuance of a Class B license authorizes its holder to engage in all of the services enumerated in subsections 2, 5, 6, 7 and 9 of § 2.

Section 3 of the Act sets out general qualifications for a license applicant. Subsection (a) requires that an applicant for a license must be at least 21 years of age, be a citizen of the United States, be of good moral character and temperate habits and not a convicted felon, and comply with all other reasonable qualifications that the Board may fix by rule. Subsection (b) defines additional qualifications for an applicant for a license as a private investigator or a private detective-a Class A license. Subsection (c) provides:

> "An applicant, or his manager, for a license as a private patrol operator shall have two (2) consecutive years experience prior to the date of said application as a patrolman, guard, watchman, security systems service operator or employee, or requirements as shall be set by the Board. "

As we read § 2(2) it equates "private patrol security operator" with "operator of a private patrol service". We see no difference between "operator of a private patrol service" and "private patrol operator". We find nothing in the Act to indicate an intention on the part of the Legislature that the terms should have different meanings and in our opinion, the term "private patrol security operator" as used in § 2(2) is the same as the "private patrol operator" referred to in § 3(c).

The Act provides only three licenses. Those which do not fall under the Class A license, necessarily fall within Class B since Class C incorporates both Class A and Class B. The operator of a "security system service" is not a private investigator as defined in § 2(3). Therefore, the only license for which a person desiring to operate a "security system service" may apply is a Class B license issued to businesses defined in § 2(2). It is our opinion therefore, that such an applicant must meet the experience requirements set out in § 3(c).

## SUMMARY

A Class B license issued pursuant to the Private Investigators and Private Security Agency Act authorizes the licensee to engage in the various businesses described

in subsections (2), (5), (6), (7) and (9) of § 2 of the Act. Among the qualifications for such a license is the experience required by § 3 (c) of the Act. An applicant for a license to operate a "security system service" must have a Class B or a Class C license and, in either event, must meet the experience requirements of § 3(c).

Very truly yours,

JOHN L. HILL,
Attorney General of Texas

APPROVED:

LARRY E. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee